[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 9, 2006
THOMAS K. KAHN
CLERK

No. 05-16540
Non-Argument Calendar

_____

D. C. Docket No. 04-00131-CR-01-BBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL HOSS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 9, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Daniel Hoss appeals his sentence of 260 months of imprisonment for sexual

crimes involving a minor. Hoss argues that his sentence is unreasonable because the district court did not consider the necessary sentencing factors. 18 U.S.C. § 3553(a). We affirm.

Hoss was indicted and convicted on three counts: (1) using a means of interstate commerce to entice a minor to engage in sexual activity, 18 U.S.C. § 2422(b); (2) crossing state lines with the intent to engage in sexual activity with a child under the age of 12, id. 2241(c); (3) knowingly receiving and attempting to receive child pornography, id. 2252. After the district court sustained Hoss's objection to the grouping of counts in the presentence investigation report, the advisory guidelines range for Hoss's sentence was 210 to 262 months of imprisonment. At the sentencing hearing, members of Hoss's family, Hoss's attorney, and Hoss spoke on his behalf. The district court thanked members of Hoss's family and described the statement of Hoss's sister as "intelligent and thoughtful." The district court sentenced Hoss to 262 months of imprisonment.

We review a sentence imposed by the district court for reasonableness. United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005). Our "[r]eview for reasonableness is deferential." Id. at 788. Hoss bears the burden of establishing that his sentence is unreasonable in the light of the record and the sentencing factors in section 3553(a). Id. "[O]rdinarily we would expect a sentence within

2

the guidelines range to be reasonable." Id.

Hoss raises two arguments on appeal. First, he argues that the district court did not consider statements made at the sentencing hearing in Hoss's defense by his family, his attorney, and Hoss himself. This argument fails because the district court need not discuss individually each sentencing factor as long as the district court acknowledges that it considered the arguments of the defendant and the factors listed in section 3553(a). Id. at 786; United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). The district court stated specifically that it considered the section 3553(a) factors and the district court permitted Hoss, his family, and his attorney to speak. Nothing in the record that suggests the district court did not consider the statements it heard immediately before it sentenced Hoss.

Second, Hoss argues that the district court did not give sufficient weight Hoss's background, his military service, his lack of a criminal history, and the support of his family. These factors are all part of the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The district court stated that it considered the section 3553(a) factors, which included the factors listed by Hoss. Nothing in the record suggests the district court did not consider all the factors.

The sentence is **AFFIRMED.**